UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN DEPPE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA COUNTY, et al.,<br><br>Defendants. | No. 2:22-cv-00187-DAD-JDP<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>(Doc. No. 51) |

This matter is before the court on plaintiffs' motion for leave to amend their complaint to add Shasta County jail's facility manager, Lieutenant Dale Marlar, as a named defendant and add some additional factual allegations in support of existing claims brought against other defendants. (Doc. No. 51.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 57.) For the reasons explained below, the court will grant plaintiffs' motion for leave to file their proposed first amended complaint.

**BACKGROUND**

This civil rights action arises from the suicide of plaintiff Jordan Deppe ("Jordan"), a pretrial detainee suffering from severe mental illness, while incarcerated in the Shasta County Jail on January 7, 2021. On January 28, 2022, plaintiff Jordan's father, plaintiff Michael Deppe, filed the complaint initiating this action on behalf of himself individually and on behalf of his son as successor in interest. (Doc. No. 1.) Plaintiffs named the following eleven defendants in their

1

1  original complaint:  Shasta County; Shasta County Sheriff-Coroner Eric Magrini; Captain Gene
2  Randall (collectively, "the County defendants"); Wellpath Inc.; Wellpath Management, Inc.;
3  Wellpath LLC; California Forensic Medical Group, Inc. (collectively "the Wellpath defendants");
4  Sanaz Parsa, M.D.; Traci Lewis, L.M.F.T.; Shea Phinney, L.M.F.T.; and Daniel Dellwo, P.A.
5  (*Id.*)  Plaintiffs also included in their complaint defendants Does 1–20, which plaintiffs described
6  as employees of the County defendants or the Wellpath defendants as "correctional deputies,
7  sergeants, supervisors, health care personnel, mental health care personnel, or other policy
8  making officials at the jail, and were acting within the course and scope of that employment."
9  (Doc. No. 1 at ¶ 13.)  Plaintiffs further alleged in their complaint that they will amend the
10 "complaint to state the names and capacities of each Doe defendant when they have been
11 ascertained." (*Id.* at ¶ 14.)  All named defendants timely answered the complaint.  (Doc. Nos.
12 12–14.)

13      The parties then began engaging in discovery, and requested and received several
14 modifications of the scheduling order governing this case.  (*See* Doc. Nos. 20, 21, 29, 30, 48, 49.)
15 According to plaintiffs, through discovery, they learned the identity and probable liability of a
16 Doe defendant:  Lieutenant Dale Marlar, the Shasta County jail's facility manager, who had
17 approved the disciplinary actions and punishments of plaintiff Jordan, including punitive solitary
18 confinement, despite allegedly knowing that isolation of a suicidal inmate greatly increases the
19 risk of suicide.[1]  (Doc. No. 51 at 8, 11–12.)  Consequently, on March 28, 2024, plaintiffs filed the
20 pending motion to amend their complaint to add Lieutenant Marlar as a named defendant and add
21 some additional factual allegations to support plaintiffs' claims brought against the Wellpath
22 defendants.  (Doc. No. 51.)  In their proposed first amended complaint, which plaintiffs attach as
23 an exhibit to their motion, plaintiffs do not add any new claims or factual allegations that are
24 unrelated to the incidents and conduct already alleged in their original complaint.  (*See* Doc. No.
25 51-1 at 5–50.)

---

[1] Plaintiffs also learned through discovery that one named defendant, Wellpath Inc., did not engage in tortious activity or violate plaintiff Jordan's constitutional rights, leading the court to dismiss defendant Wellpath, Inc., from this action pursuant to a joint stipulation for dismissal filed by the parties on March 27, 2024.  (Doc. No. 50, 52.)

2

On April 11, 2024, the County defendants filed an opposition to plaintiffs' motion, addressing only the proposed addition of Lieutenant Marlar, not the additional allegations pertaining to the Wellpath defendants. (Doc. No. 54.) None of the other defendants filed an opposition to the pending motion, which suggests that they do not oppose the granting of leave to amend as requested by plaintiffs. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.'"). On April 19, 2024, plaintiffs filed a reply in support of their pending motion. (Doc. No. 58.)

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## ANALYSIS

In opposing the pending motion, the County defendants argue that plaintiffs' motion should be denied because they will be prejudiced by the addition of Lieutenant Marlar due to plaintiff's undue delay in seeking this amendment. (Doc. No. 54 at 3.) In particular, the County defendants emphasize that they served their responses to plaintiffs' special interrogatories

identifying Lieutenant Marlar on June 6, 2023, yet plaintiffs "waited nine months to file this motion." (*Id.*)  The County defendants also assert in conclusory fashion that they "will be prejudiced if plaintiff[s] [are] granted leave to file [their] first amended complaints, as it will cause a delay in the progress of the case and prejudice defendants['] ability to defend its case." (*Id.* at 9–10.)  This assertion was based only on the then-upcoming deadlines for fact discovery and filing motions, which had been set by the court's January 3, 2024 modification of the scheduling order.  (*Id.*) (citing Doc. No. 49).  However, while the pending motion has been under submission, the parties have twice requested and received further modifications of the scheduling order extending those deadlines.  (*See* Doc. Nos. 61, 62, 70, 71.)  Thus, the County defendants' prejudice arguments based on these deadlines have been rendered moot.

Moreover, as plaintiffs note in their motion and their reply brief, the parties had already noticed the deposition of Lieutenant Marlar, and no additional discovery is necessitated by the addition of him as a named defendant.  (Doc. Nos. 51 at 15; 58 at 3.)

Finally, as to the delay in seeking amendment, plaintiffs explain in their reply brief that "[f]rom the summer of 2023 through the beginning of 2024, plaintiffs' counsel had been engaged in extensive expert discovery and trial preparation for multiple, complicated wrongful death cases, which prevented them from immediately seeking to amend the complaint here."  (Doc. No. 58.)  Plaintiffs stress that even if their delay in seeking amendment was unreasonable, they have not acted in bad faith by seeking to add Lieutenant Marlar as a defendant, and the delay has not prejudiced defendants.  (*Id.* at 5.)

Having considered the parties' arguments, and the recent developments with regard to the modifications to the scheduling order governing this case, the court finds that justice requires that plaintiffs be given leave to file their proposed first amended complaint and that the County defendants have failed to show that they would suffer any prejudice as a result of the court's granting of plaintiffs' motion for leave to amend their complaint.  Accordingly, plaintiffs' motion for leave to amend their complaint will be granted.

/////

/////

**CONCLUSION**

For the reasons explained above,

1. Plaintiffs' motion for leave to amend their complaint (Doc. No. 51) is granted;

2. Within two (2) days from the date of entry of this order, plaintiffs shall file their first amended complaint, as proposed in their motion; and

3. All named defendants shall file their responses to plaintiffs' first amended complaint within fourteen (14) days from the date of filing of the first amended complaint.

IT IS SO ORDERED.

Dated: **July 18, 2024**

　　　　　　　　　　　　　　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE